# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

DALLAS AUGUSTA McDADE, JR.,

          Defendant-Appellant.

UNPUBLISHED
January 19, 2016

No. 323614
Kalamazoo Circuit Court
LC No. 2010-001328-FC

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Following remand from this Court, *People v McDade*, 301 Mich App 343; 836 NW2d 266 (2013), defendant was resentenced to life without parole for his first-degree murder conviction. Defendant appeals by right. We vacate defendant's sentence and remand for further proceedings pursuant to *People v Skinner*, ___ Mich App ___; ___ NW2d ___ (2015).[1].

The sole argument defendant raises in his appellate brief is whether the trial court abused its discretion in failing to consider the mitigating factors discussed in *Miller v Alabama*, 567 US ___;132 S Ct 2455; 183 L Ed 2d 407 (2012). At oral argument, defense counsel raised the issue of defendant's Sixth Amendment right to have a jury determine if a sentence of life without parole is appropriate under the circumstances of his case.

After this case was remanded for resentencing pursuant to a *Miller* hearing, the law regarding sentencing juveniles to life without parole has rapidly evolved. In response to *Miller*, the Michigan Legislature enacted 2014 PA 22, which became effective March 4, 2014, and is codified at MCL 769.25 and MCL 769.25a. "This law significantly altered Michigan's sentencing scheme for juvenile offenders convicted of crimes that had previously carried a

---

[1] *Skinner*, Docket No. 317892, issued August 20, 2015, held "the Sixth Amendment mandates that juveniles convicted of homicide who face the possibility of a sentence of life without the possibility of parole have a right to have their sentence determined by a jury." *Id*., slip op at 1. We are bound by the rule of law that *Skinner* established. MCR 7.215(J)(1).

sentence of life without parole." *People v Carp*, 496 Mich 440, 456; 852 NW2d 801 (2014).

The new procedure permits the prosecuting attorney, after a juvenile is convicted of an offense providing for a sentence of life without parole, to move for the imposition of such a sentence. MCL 769.25(2) and (3). The trial court is instructed to conduct a hearing to consider the *Miller* factors and any other relevant aggravating and mitigating circumstances in deciding whether to grant the motion. MCL 769.25(6) and (7). Significantly, if the prosecutor does not move for a sentence of life without parole, MCL 769.25(4), or if the trial court decides not to impose a sentence of life without parole eligibility, the trial court *shall* impose a term of years sentence "for which the maximum term shall be not less than 60 years and the minimum term shall be not less than 25 years or more than 40 years." MCL 769.25(9). Thus, "the default sentence for a juvenile convicted of first-degree murder is a sentence of a term of years within specific limits rather than life without parole." *Carp*, 496 Mich at 527. The trial court conducted the hearing in this case under MCL 769.25 finding that life without parole was the proper sentence.

In *Skinner*, the juvenile defendant was convicted after jury trial of first-degree premeditated murder, MCL 750.316(1)(a), attempted murder, MCL 750.91, and conspiracy to commit murder, MCL 750.157a. In a proceeding under MCL 769.25, the defendant requested that a jury decide her sentence, which the trial court denied. *Skinner*, ___ Mich App at ___, slip op at 1-2. The defendant argued on appeal that judicial fact finding permitted by MCL 769.25 violated her Sixth Amendment right to a jury because it exposed her to a penalty greater than otherwise authorized by the jury's verdict. *Skinner*, ___ Mich App at ___, slip op at 3. Examining this claim in light of the evolving United States Supreme Court jurisprudence applying the Eighth Amendment to juveniles, and in light of Sixth Amendment jurisprudence, *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000) and its progeny, the *Skinner* Court agreed.[2] In particular, the Court applied the rule of *Apprendi* (and several other cases) that "other than a prior conviction, *any fact* that increases either the floor or the ceiling of a criminal defendant's sentence beyond that which 'a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by defendant,' must be submitted to a jury and proved beyond a reasonable doubt." *Skinner*, ___ Mich App at ___, slip op at 13 (citations omitted). The Court reasoned that the new statutory scheme for juveniles convicted of offenses formerly punishable by life imprisonment without the possibility of parole established a default sentence of a term years that could only be increased to life without parole by judicial fact finding under MCL 769.25(6) and (7), which violated the Sixth Amendment right to a jury trial. *Skinner*, ___ Mich App at ___, slip op at 13-22. Thus, "[i]n order to enhance a juvenile's default sentence to life without parole, absent a waiver, a jury must make findings on the *Miller* factors as codified at MCL 769.25(6) to determine whether the juvenile's crime reflects 'irreparable corruption' beyond a reasonable doubt." *Id.*, slip op at 22, quoting *Miller*, 567 US at ___; 132 S Ct at 2469; 183 L Ed 2d at 424.

---

[2]We note that Judge SAWYER dissented in *Skinner* and continues to hold to his view in his dissenting opinion; however, he recognizes that *Skinner* is controlling caselaw.

Based on *Skinner*, we vacate defendant's sentence and remand for further proceedings consistent with that decision. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey